JAMES SWAN, Appellant &c., *versus* ANTOINE F. PICQUET.

A mere debtor to the estate of a person deceased, is not interested in, and cannot appeal from, a decree of a judge of probate granting letters of administration on such estate.

THE judge of probate of this county having decreed, that letters of administration on the estate of Jean C. Picquet should be granted to his son Antoine F. Picquet, an appeal was entered by James Swan, who alleged as reasons for the appeal, that it appeared that the deceased was a French subject domiciled in Paris, and that he died there, not having left any estate within this commonwealth ; that no more was pretended, than that at the time of his decease he was possessed of certain bills of exchange, which had since been brought into this State, Swan, the acceptor, being at the time of making them, and ever since, resident in France, and within the same jurisdiction within which Picquet the elder died ; that there was no proof that the supposed debtor had any property within this State ; and that the acceptance of the bills was obtained by fraud and duress, and Swan, in truth, was not a debtor to Picquet the elder at the time of his decease.

Antoine F. Picquet now moved that the appeal should be dismissed, on the ground that the appellant had no interest in the matter thereof, which could be recognised by the Court, and was not by law entitled to maintain the appeal.

*J. T. Austin,* and *J. B. Davis,* in support of the motion. *March 30th* This appeal is claimed under *St.* 1817, *c* 190, § 7, [see

Revised Stat. *c.* 70, § 36,] which gives a right of appeal to "any person aggrieved" at any decree of a judge of probate. If Swan, as he says, was not a debtor to the estate of the deceased, he certainly was not aggrieved. But supposing him to be a debtor, still it would be inconvenient, and contrary to the intention of the legislature, that every debtor should be allowed to appeal from the appointment of an administrator. The rights of an heir, legatee, or creditor, may be injuriously affected by the appointment of an unfit person ; but not so the rights of a debtor. *Penniman* v. *French*, 2 Mass. R. 140 *Downing* v. *Porter*, 9 Mass. R. 386.

*Prescott* and *W. Sullivan*, *contrà*. Swan is the only person interested in the estate, if any, to be here administered upon, and he is the only person aggrieved at the decree. The ap pellee might commence a suit in France, and if he shoula recover a judgment, he might then bring an action here in his own name upon the judgment. Instead of doing this, he wishes to change the forum, in order to oppress the appellant, who, being in a foreign country, must defend a suit here under a disadvantage.

*April 5th.* PARKER C. J. The Court are of opinion, that, under the statute, a party aggrieved must be one who is interested in the administration of the estate, and not a debtor merely. If one debtor has a right to appeal, every debtor must have the same right ; which would be inconvenient. Whether these letters of administration were properly granted or not, we do not decide.

*Appeal dismissed*